**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DOUGLAS ALEXANDER AMADOR-
GUTIERREZ, AKA Douglas Amador,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   19-71046

Agency No. A208-559-439

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Douglas Alexander Amador-Gutierrez, a native and citizen of Honduras,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Amador-Gutierrez established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(5). Thus, Amador-Gutierrez's asylum claim fails.

In his opening brief, Amador-Gutierrez fails to challenge the agency's denial of his withholding of removal and CAT claims. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's determination that Amador-Gutierrez failed to establish eligibility for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *see also Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) (discussing the applicant's burden to show that humanitarian relief is warranted).

We lack jurisdiction to review the agency's denial of cancellation of removal

because Amador-Gutierrez raises no colorable legal or constitutional claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005) (the court's jurisdiction over challenges to the agency's discretionary hardship determination is limited to constitutional claims or questions of law).

The agency did not err in concluding that Amador-Gutierrez could not establish derivative legal status through his great-grandmother. *See* 8 U.S.C. § 1158(b)(3)(A) (derivative asylum available to an asylee's spouse or child); 8 U.S.C. § 1254a (discussing Temporary Protected Status).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**